United States District Court
Southern District of Texas
**ENTERED**
June 10, 2020
David J. Bradley, Clerk

United States District Court § Southern District of Texas

| | | |
|---|---|---|
| Raymond Chappie, individually and on behalf of others similarly situated, <br>     Plaintiff, <br><br> v. <br><br> Energi Pros LLC, <br>     Defendant. | § § § § § § § § § | Civil Action H-19-4456 |

# Memorandum and Recommendation

Raymond Chappie has moved for default judgment against Energi Pros LLC. (D.E. 22.) Chappie claims Energi Pros LLC violated the Fair Labor Standards Act ("FLSA") and the Fair Credit Reporting Act ("FCRA"). Chappie seeks to recover $1,812.58 in damages for Energi Pros's violation of the FLSA and $26,710 for its violation of the FCRA. The court recommends that default judgment be entered against Energi Pros and damages in the amount of $1,812.58 be awarded for the FLSA violation, in addition to reasonable attorney's fees in the amount of $11,485.00, and other expenses in the amount of $882.95.

*1. Background*

Chappie worked for Energi Pros between July 1, 2019, and August 21, 2019. He was paid an annual salary of $50,000. (D.E. 22-3, Chappie Aff. ¶¶ 3, 5.) As a "Green Energy Technology Specialist," his primary role was to conduct energy audits for companies. *Id.* ¶¶ 3–4. Energi Pros classified Chappie as an exempt employee and did not pay him overtime wages. *Id.* ¶ 6.

In August 2019, Energi Pros obtained a background report on Chappie from TruthFinder to evaluate his eligibility for continued employment. (Chappie Aff. ¶ 10.) Energi Pros did not obtain Chappie's

authorization to obtain the report, provide Chappie with a copy of the report, or provide him with any disclosure that it would procure a background report on him for employment purposes. *Id.* ¶¶ 11–13. Energi Pros terminated Chappie's employment on August 21, 2019, based on the information in the report. *Id.* ¶¶ 14–17.

Chappie filed this lawsuit on November 13, 2019, raising claims under the FLSA and the FCRA. (D.E. 1.) Energi Pros did not file an appearance or answer the complaint. The Clerk entered default against Energi Pros on February 4, 2020. (D.E. 20.) Chappie moved for default judgment. (D.E. 22.) The court held a hearing on the motion on May 13, 2020, in which Chappie's counsel participated. (D.E. 25.) Chappie filed a supplemental brief on FCRA's definition of "consumer report" (D.E. 26) and a declaration on attorney's fees and costs. (D.E. 28.)

2. Analysis

A motion for default judgment requires the court to determine: "(1) if default judgment is procedurally appropriate; (2) if plaintiff has presented a colorable claim; and (3) how to calculate damages." *Vela v. M&G USA Corp.*, No. 2:17-CV-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020). The court must consider relevant factors including

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

A default judgment must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings. *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Judgments by default are a drastic remedy and are disfavored by the courts. *Charlton L. Davis & Co., P. C. v. Fedder Data*

*Ctr., Inc.*, 556 F.2d 308, 309 (5th Cir. 1977); *Lindsey*, 161 F.3d at 893. "After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

Chappie has shown that the complaint and summons were left with the registered agent for service of Energi Pros LLC. (D.E. 15, 22-1.) Energi Pros LLC did not answer or file an appearance. The Clerk's entry of default (D.E. 20) was appropriate.

### A. FLSA

The FLSA requires employers to pay overtime compensation to non-exempt employees for each hour worked beyond forty hours per week. 29 U.S.C. § 207(a)(1). To make a *prima facie* case for unpaid overtime work, the plaintiff must show: (1) an employment relationship with the defendant; (2) coverage under the FLSA; (3) the employer's violation of the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019). An employer that violates the overtime provision is liable for the aggrieved employee's unpaid overtime pay and liquidated damages in the same amount. 29 U.S.C. § 216(b). A plaintiff who succeeds on an FLSA claim is also entitled to reasonable attorney's fees and costs of the action. *Id.*; *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1043 (5th Cir. 2010).

Well-pleaded allegations support granting the default judgment against Energi Pros on Chappie's FLSA claim. Chappie alleges that he was employed by Energi Pros as a non-exempt employee; Energi Pros is an enterprise covered by the FLSA; he regularly worked in excess of forty hours a week; and Energi Pros knew or should have known that Chappie was not paid for his overtime work.

Chappie submitted an affidavit alleging that he worked 102.06 overtime hours. (D.E. 22-3, Chappie Aff. ¶ 9.) His overtime rate should have included the overtime premium of $8.88 but he was only compensated at the normal hourly rate of $17.76. *Id.* Chappie has

3

shown that Energi Pros is liable to him for actual damages of $906.29 and liquidated damages of $906.29.

As the prevailing party, Chappie is entitled to attorney's fees under the FLSA. The court ordered Chappie's counsel to submit evidence of attorney's fees and costs that were expended on the FLSA claim, that is, excluding the fees and costs expended solely on the FCRA claim. Chappie's counsel submitted an affidavit and billing records and requests attorney's fees in the amount of $12,115 and expenses in the amount of $910. (D.E. 28, Counsel Declr. ¶¶ 9, 19; D.E. 28-1.)

The court must determine whether the requested amount is reasonable. The declaration reflects that Lotus Cannon has been practicing law since 2017. (Counsel Declr. ¶ 24.) She has worked on wage and hour employment cases since 2019. *Id.* Her hourly rate is $250. *Id.* ¶ 13. Nicholas Conlon has practiced law since 2012 and has worked on wage and hour employment cases since 2014. *Id.* ¶ 26. His hourly rate is $300. *Id.* ¶ 13. The court, based on counsel's declaration and the court's experience, finds that this hourly rate is within the range of the usual and customary rate charged by attorneys in the Houston legal community with similar ability, competence, experience, and skill as that of Plaintiff's counsel for the services performed in cases of this nature.

The billing records show that Mr. Conlon and Ms. Cannon spent a total of 45.80 billable hours on Chappie's FLSA claim between September 24, 2019, and June 2, 2020. (D.E. 28-1.) The court's review of the record shows that 1.1 hours were spent on matters unrelated to Chappie's FLSA claim, and those hours will be excluded.[1] The court will also adjust Mr. Conlon's hourly rate of $425 for the May 13, 2020

---

[1] The court will exclude the following entries:
- 0.9 hours billed on May 20, 2020, regarding the issue of judicial notice of facts outside pleadings; and
- 0.2 hours billed on October 29, 2019, regarding ADA claims.

4

entry to $300. (D.E. 28-1 at 7.) The court, based on counsel's declaration and the court's experience, finds that Mr. Conlon and Ms. Cannon reasonably expended 44.7 hours on the FLSA claim.

The paralegal hourly rate of $75 is reasonable, as is the 4.2 hours of paralegal work. The $315 in paralegal fees will be awarded (D.E. 28-1.) $567.05 for other costs was reasonably incurred by Plaintiff. (D.E. 28-1 at 37.)[2]

The court recommends that default judgment on the FLSA claim be entered against Energi Pros, and Chappie be awarded damages of $1,812.58 plus reasonable attorneys' fees of $11,485, paralegal fees of $315, and other costs of $567.95.

### B. FCRA

The FCRA requires an employer who procures or uses a "consumer report"[3] for employment purposes to follow certain steps. 15 U.S.C. § 1681b(b). The employer procuring a consumer report on its employee must first obtain the employee's consent and make written disclosure to the employee "at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A).

---

[2] The court also excluded $342.05 of expenses dated March 11, 2020, because insufficient explanation was given.

[3] In relevant part, the FCRA defines "consumer report" as
> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used . . . for the purpose of serving as a factor in establishing the consumer's eligibility for . . . employment purposes.

15 U.S.C. § 1681a(d).

The FCRA also requires an employer who uses a consumer report for employment purposes, "before taking any adverse action based in whole or in part on the report," to provide to the employee the copy of the report and a written description of the consumer's rights. 15 U.S.C. § 1681b(b)(3)(A). The FCRA defines "adverse action" to include the "denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

Chappie has alleged that Energi Pros violated the disclosure and authorization provisions of the FCRA. He has alleged that the background report that Energi Pros obtained from TruthFinder is a consumer report. (D.E. 26.) Chappie has alleged that Energi Pros obtained the background report without first obtaining his authorization or providing him a copy of the report with the required disclosures. (Compl. ¶¶ 39–52.) He has also alleged that Energi Pros discharged him because of the background report. *Id.*

The issue is whether Energi Pros owes Chappie any damages for the violation of the FCRA. The FCRA provides separate provisions on damages for negligent and willful violations. *Vlasek v. Wal-Mart Stores, Inc.,* No. CIV.A. H-07-0386, 2008 WL 2937760, at *6 (S.D. Tex. July 22, 2008). If the violation was negligent, a plaintiff may recover only actual damages and attorney's fees. *See* 15 U.S.C. § 1681o.[4] Statutory damages are available only for willful violations of the FCRA. *See id.* § 1681n.[5]

---

[4] For negligent violations of the FCRA, the violator is liable to the consumer "in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of that failure; (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court." 15 U.S.C. § 1681o.

[5] For willful violations of the FCRA, the violator is liable to the consumer for the sum of (1) actual or statutory damages, (2) punitive damages allowed by the court, and (3) reasonable attorney's fees. 15 U.S.C. § 1681n.

Chappie has not shown that Energi Pros's actions were willful. A person willfully violates the FCRA if that person "knowingly and intentionally committed an act in conscious disregard for the rights of others." *Cousin v. Trans Union Corp.*, 246 F.3d 359, 372 (5th Cir. 2001). The mere allegation that the employer violated the FCRA is not sufficient to show a willful violation. *Vlasek*, 2008 WL 2937760, at *7. Here, Chappie raises the conclusory allegation that Energi Pros "systematically" and "willfully" violated the FCRA, without alleging the attendant circumstances. Compl. ¶¶ 63–64, 76, 81. Chappie has not established that Energi Pros willfully violated the FCRA. *See Jett v. Am. Home Mortg. Servicing, Inc.*, 614 F. App'x 711, 714 (5th Cir. 2015) (declining to find that the defendant acted willfully when the plaintiff did not point to any evidence of willfulness). Therefore, Chappie may not recover any damages under 15 U.S.C. § 1681n.

To recover any damages for negligent violation of the FCRA under 15 U.S.C. § 1681o, Chappie must prove that he sustained actual damages. A plaintiff cannot prove actual damages where he does not dispute the accuracy of the report. *See Vlasek v. Wal-Mart Stores, Inc.,* No. CIV.A. H-07-0386, 2008 WL 2937760, at *6 (S.D. Tex. July 22, 2008) (finding that the plaintiff, who alleged the employer violated the FCRA's disclosure and authorization provisions, did not dispute the accuracy of the report and thus would have been fired regardless of the employer's compliance with the FCRA). Here, Chappie's counsel conceded at the May 13, 2020 hearing that the contents of the report that provided the basis for the termination of Chappie's employment were accurate. Therefore, the court finds that Chappie has not shown that he suffered actual damages as a result of Energi Pros's violation of the FCRA.

Attorney's fees are available under § 1681o only "in the case of any successful action to enforce any liability under [the] section." 15 U.S.C. § 1681o(a)(2). Courts applying the FCRA have held that "the prospect of an award of attorneys' fees does not create a justiciable controversy if nothing else is at stake in the litigation." *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 666 (7th Cir. 2001); *see also*

7

*Bernal v. Am. Money Centers, Inc.*, No. 05-CV-1327, 2007 WL 2288066, at *6 (E.D. Wis. Aug. 6, 2007) ("[A] plaintiff cannot base standing on a claim for attorneys' fees alone"). For this reason, "[w]ithout an allegation of actual damages, the FCRA claim based on negligent violations fails." *See Poinsignon v. Imperva, Inc.*, No. 17-CV-05653-EMC, 2018 WL 1709942, at *4 (N.D. Cal. Apr. 9, 2018). Because Chappie has not suffered any injury in fact due to Energi Pros's violation of the FCRA, Chappie is not entitled to an award of attorney's fees or costs. The court therefore recommends that Chappie take nothing from Energi Pros for his FCRA claims.

*3. Conclusion*

Based on the evidence of record, the court recommends that default judgment be entered against Energi Pros LLC for the violation of the FLSA, in the amount of $1,812.58 for actual and liquidated damages, $11,485.00 for attorney's fees, and $882.95 for costs, including paralegal fees. The court recommends that Chappie take nothing from Energi Pros on its FCRA claims.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June 10 , 2020.

_____
Peter Bray
United States Magistrate Judge